IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

STEVE AULT                                                                                        PLAINTIFF

v.                                     Case NO. 4:12-CV-228-KGB

SAM BAKER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY, AND
SHERRIFF GERALD ROBINSON,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY                        DEFENDANTS

## ORDER

Before the Court is plaintiff Steve Ault's Application for Default Judgment (Dkt. No. 7 and Dkt. No. 8). Plaintiff alleges that defendant Sam Baker and separate defendant Gerald Robinson are in default.

Rule 55 of the Federal Rules of Civil Procedure contemplates a two-step process for the entry of default judgments. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.*

Here, the Court construes plaintiff's Application for Default Judgment as one for entry of default by the clerk of court and for entry of default by this Court. Accordingly, the Court hereby refers the motion to the clerk of court for consideration. In the event that a clerk's default is entered, the Court directs that the motion not be termed. If a clerk's default is entered, the

Court will consider the motion for default judgment and request for a hearing pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.

SO ORDERED this the 7 day of September, 2012.

_____
Kristine G. Baker
United States District Judge